Kelly M. Dermody (State Bar No. 171716)
Anne B. Shaver (State Bar No. 255928)
Phong-Chau G. Nguyen (State Bar No. 286789)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email:  ashaver@lchb.com
Email: pnguyen@lchb.com

*Counsel for Plaintiff Soonhee Jang and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOONHEE JANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS & CO.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT AND UNFAIR BUSINESS PRACTICES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Soonhee Jang, individually and on behalf of a class of all those similarly situated, complain against defendant E.I. du Pont de Nemours & Co. ("DuPont"), and allege on information and belief as follows:

## I.     SUMMARY OF THE ACTION

1.      Plaintiff is a former employee of DuPont who was in good standing and who possessed unvested stock options at the time she left her employment with DuPont.

2.      DuPont's Equity and Incentive Plan ("Plan") provides that if an employee is terminated for lack of work, disability, or due to divestiture to an entity less than 50% owned by DuPont, "any unvested options as of the date of termination will continue to vest in accordance with the vesting schedule set forth in the award terms." However, in practice, DuPont cancels its former employees' unvested stock options one year after their termination, without regard to when the options are due to vest per the award terms. Plaintiff and other similarly situated employees have lost significant compensation value due to DuPont's unlawful cancellation of unvested options in contravention of the Plan.

3.      At the time Plaintiff left her employment with DuPont, Plaintiff was categorized under termination of employment "due to lack of work" for the purpose of her stock options. DuPont cancelled her unvested stock options one year from the date of her termination, in breach of the terms of the Plan.

4.      Plaintiff is a member of, and seeks to represent, a Rule 23(b)(2) and/or (b)(3) nationwide class of all former employees terminated for lack of work, disability, or due to divestiture to an entity less than 50% owned by DuPont (hereinafter, "Former Employees"), whose unvested stock options DuPont cancelled in breach of the agreement set forth in the Plan at any time between August 14, 2011 and August 14, 2015 (the "Relevant Period"). Plaintiff, on behalf of herself and nationwide class members, seeks damages as well as declaratory and injunctive relief.

## II.    JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act, because the aggregate amount claimed by the

- 1 -                                          CLASS ACTION COMPLAINT

1268424.3

1   individual members of the proposed class exceeds $5,000,000, exclusive of interest and costs.
2   The proposed class exceeds 100 persons, its members have worked in locations throughout the
3   United States, and DuPont has offices and conducts business in various states throughout the
4   United States.

5   6.   This Court has personal jurisdiction over DuPont because it has purposefully
6   availed itself of the privilege of conducting business activities within the State of California by
7   employing workers within California and selling its services within California.  DuPont has
8   maintained systematic and continuous business contacts with California.

9   7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) & (c).  A
10  substantial amount of the acts complained of herein occurred in this district and gave rise to the
11  claims alleged.  DuPont conducts business and employs workers in this district.

12  **III.   PARTIES**

13  8.   Plaintiff is a citizen of the United States and currently resides in Cupertino,
14  California.  She began work for DuPont in approximately May 2011.  She worked for DuPont in
15  Palo Alto, California, through the end of June 2014.

16  9.   Defendant DuPont is a chemical and engineering corporation with its headquarters
17  in Delaware, operating in the Silicon Valley area as well as throughout California and the United
18  States.

19  **IV.   FACTUAL ALLEGATIONS**

20  10.  When DuPont grants employees stock options under the Plan, it gives them a
21  document titled "Awards Terms Of Options Granted Under The DuPont Equity And Incentive
22  Plan for Grantees Located In The United States" ("Awards Terms").  The Awards Terms provide
23  the date of the grant, the type of options, the exercise price, the expiration date, and the vesting
24  schedule.  To receive the options, employees are required to go to a specific website and "accept
25  the terms and conditions of your Award as set forth in this Agreement."

26  11.  The Awards Terms also set forth what will happen to an employee's options
27  should his or her employment terminate under various circumstances.  As relevant here, for the
28  entire Relevant Period, the Awards Terms have provided that if an employee is terminated due to

1  (a) lack of work, (b) divestiture to entity less than 50% owned by DuPont, and/or (c) disability,
2  the following applies: "The Options will be exercisable through the date that is one year after the
3  date of your termination of employment, or, if earlier, the Expiration Date set forth above. After
4  that date, any unexercised options will expire. **Any unvested Options as of the date of**
5  **termination will continue to vest in accordance with the Vesting Schedule set forth above.**"
6  (emphasis added).  The Award Terms refer employees to the Plan Prospectus for further
7  information.

8         12.     The exact language quoted above also appears in DuPont's Equity and Incentive
9  Plan Prospectus and Brochure ("Prospectus").  As relevant here, the Prospectus further advises
10 employees that "[y]our options become vested after a mandatory waiting period (as stated in each
11 grant's Awards Terms) has been completed. This mandatory waiting period must be completed
12 before you can exercise."

13        13.     Thus, pursuant to the plain meaning of the Awards Terms and the Prospectus, a
14 Former Employee must exercise his or her vested options within one year of termination, or
15 unexercised options will expire.  However, unvested options are not eligible for exercise until
16 they vest, and unvested options continue to vest in accordance with the vesting schedule provided
17 in the Awards Terms.  Typically, one-third of the options vest a year from the grant, one-third
18 vest two-years from the grant, and one-third vest three years from the grant.  Therefore, a Former
19 Employee may possess options that do not vest until well past one year from the date of her
20 termination.

21        14.     DuPont has not complied with the Awards Terms.  Throughout the Relevant
22 Period, it has breached these Awards Terms by cancelling Former Employees' unvested options
23 one year from the date of their termination, without regard for when the options are due to vest.

24        15.     For example, Plaintiff was an employee in good standing at the time she left
25 DuPont in June 2014.  Plaintiff was categorized under termination of employment "due to lack of
26 work" for purposes of her stock options grant awards.  Plaintiff had significant options awarded
27 in 2013 and 2014 that, pursuant to the vesting schedule set forth in the respective Award Terms,
28 were not due to vest until February 2016 and February 2017.  However, one year from the date of

1  her termination of employment, in June 2015, DuPont unilaterally cancelled all of her unvested
2  stock options.

3      16.    When Plaintiff asked DuPont why it had cancelled her options in breach of the
4  Awards Terms, DuPont's legal department and one of its senior executives informed Plaintiff that
5  it was DuPont's standard practice to cancel Former Employees' unvested stock options one year
6  from the date of termination.  DuPont refused to reinstate her options.

7  **VII.**    **CLASS ALLEGATIONS**

8      17.    Upon information and belief, there are over 1,000 Former Employees who
9  received options pursuant to the Awards Terms agreement, and who lost their unvested options
10 within the Relevant Period when DuPont cancelled the options one year from termination, in
11 breach of the plain terms of the Awards Terms.  These Former Employees are the members of the
12 proposed class.  Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure
13 23(a), (b)(2) and (b)(3) seeking monetary damages, as well as declaratory and injunctive relief.
14 Plaintiff reserves the right to amend the definition of the class based on discovery or legal
15 developments.

16     18.    The members of the proposed class are so numerous that joinder of all members is
17 impracticable.

18     19.    There are significant question of law and fact common to the class, and these
19 questions predominate over any questions affecting only individual members.  Common
20 questions of fact include: 1) whether DuPont promised Former Employees that their unvested
21 options would continue to vest in accordance with the vesting schedule set forth in the Former
22 Employees' Awards Terms; and 2) whether DuPont cancelled the Former Employees' unvested
23 options one year from termination.  Common questions of law include: 1) whether DuPont's
24 conduct constitutes breach of contract; 2) whether DuPont's conduct constitutes an unfair
25 business practice pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*.; and 3) whether injunctive
26 relief and other equitable remedies (including restitution) and compensatory and punitive
27 damages are warranted for the nationwide class.

28     20.    Plaintiff's claims are typical of the class's claims.

21. Plaintiff will fairly and adequately represent and protect the class members' interests. Plaintiff's counsel is competent and very experienced in complex class actions in general and employment class actions in particular.

22. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because DuPont has acted on grounds applicable to the class as a whole, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end DuPont's unlawful practice.

23. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of these claims. The class members have been damaged and are entitled to recovery as a result of DuPont's common unlawful practice. DuPont has computerized personnel data that will make calculation of damages for specific class members relatively simple, as does its employee benefits administrator, Merrill Lynch.

## VIII. <u>CAUSES OF ACTION</u>

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(On behalf of Plaintiff and the class)**

24. Plaintiff incorporates by reference and re-alleges the preceding allegations as though fully set forth herein.

25. Plaintiff brings this claim on behalf of herself and the proposed nationwide class.

26. The class period for the proposed nationwide class is from August 14, 2011 to August 14, 2015.

27. By cancelling class members' unvested options one year from the date of their termination, in contravention of the plain language of the contracts governing the terms and conditions of the options, DuPont breached those contracts.

28. DuPont's conduct as alleged above establishes a claim for breach of contract, as articulated by the Restatement (Second) of Contracts, and the laws of California.

29. DuPont's breach of the terms of its contracts with class members entitles class members to recovery of all damages caused by DuPont's breach, as well as an injunction requiring DuPont to adhere to the terms of the contract.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**
**(On behalf of Plaintiff and the class)**

30. Plaintiff hereby incorporates by reference and re-alleges the preceding allegations as though fully set forth herein.

31. Plaintiff brings this claim on behalf of herself and the proposed nationwide class.

32. DuPont's conduct, as alleged above, was unlawful, unfair, and fraudulent, and constitutes unlawful business acts or practices.

33. As a result of DuPont's unlawful business acts or promises, DuPont has reaped and continues to reap unfair benefits and profits at the expense of Plaintiff and the proposed nationwide class.

34. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for DuPont to continue to retain the property of Plaintiff and proposed class members, entitling Plaintiff and proposed class members to restitution of the unfair benefits and profits obtained by DuPont.

35. DuPont's improper, unfair and unlawful business practices and acts alleged herein constitute a continuing threat to DuPont employees such that, unless restrained, DuPont may continue to violate California law. Pursuant to California Business and Professions Code § 17203, Plaintiff, on behalf of herself, the class, and the general public, seeks a permanent injunction requiring DuPont to cease its unlawful and unfair business practices and acts.

### IX. <u>PRAYER FOR RELIEF</u>

36. Plaintiff, on behalf of herself and the proposed class, prays for relief as follows:

   (a) Certification of the action as a class action pursuant to Federal Rule of Civil Procedure 23, and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

        (b)     Damages and equitable relief for all harm Plaintiff and the class have sustained as a result of DuPont's conduct, according to proof;

        (c)     Exemplary and punitive damages in an amount commensurate with DuPont's ability to pay and to deter future unlawful conduct;

        (d)     A preliminary and permanent injunction against DuPont and its directors, officers, owners, agents, successors, employees, and representatives – and any and all persons acting in concert with them – from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

        (e)     A declaratory judgment that the practices complained of in this complaint are unlawful;

        (f)     Fees and costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

        (g)     Pre-judgment and post-judgment interest, as provided by law; and

        (h)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## X. DEMAND FOR JURY TRIAL

37. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff on behalf of herself and the proposed class demands a trial by jury on all issues so triable.

Dated: August 14, 2015        By: */s/ Kelly M. Dermody*
                                        Kelly M. Dermody

Kelly M. Dermody (State Bar No. 171716)
Anne B. Shaver (State Bar No. 255928)
Phong-Chau G. Nguyen (State Bar No. 286789)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: ashaver@lchb.com
Email: pnguyen@lchb.com

*Counsel for Plaintiff Soonhee Jang and the Proposed Class*

- 7 -     CLASS ACTION COMPLAINT

1268424.3